[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONFOR ATTORNEY'S FEES TO PROSECUTE APPEAL (NO. 121)
The defendant alleges that he has no funds to prosecute this appeal, and that the plaintiff has significant liquid assets to pay $7,500 to $10,000 for his legal fees.
Section 46b-62 of the General Statutes provides for either party to pay the legal fees of the other based on their respective financial abilities and the criteria set forth in the alimony statute, § 46b-82. CT Page 11464
The court has considered the statutory criteria, the testimony of the parties and the current financial affidavits and finds the following facts since the court's decision of May 16, 1994.
1. The defendant's net weekly income has increased from $708 to $1081, approximately $373. He lists net assets at $78,354 with liabilities of $38,562.
2. The defendant has gone to France on a seven day vacation, spent time sailing his boat and paid over $6,000 in credit card bills.
3. The defendant has moved back to Westport to a single family residence with a swimming pool at a monthly rent of $3800, of which he receives $1900 from his live-in girl friend. The net increase of rent from his previous Norwalk apartment is $650 a month.
4. The plaintiff resides in the marital home in Westport, Connecticut with the parties' ten year old daughter. In 1993 she renovated the basement into an office at a cost of $40,000. Her monthly living expenses as listed in her current financial affidavit are $8,890. Her income is $6,909 a month leaving a shortfall of $1,981 monthly or about $24,000 a year.
The awarding of attorney's fees under § 46b-62 lies in the sound discretion of the court. Emanuelson v. Emanuelson,26 Conn. 527, 534 (1962); Friedlander v. Friedlander,191 Conn. 81, 87 (1983).
The court finds that each party has developed a successful private practice in psychology. Since the May 16, 1994 decision of the court, the defendant has been able to increase his weekly income by approximately twenty-five percent, has spent considerable time and money pursuing personal pleasures, has improved his lifestyle and has not proven any hardship.
For all the foregoing reasons, the defendant's motion for attorney's fees to prosecute the appeal is denied.
ROMEO G. PETRONI, JUDGE CT Page 11465